IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYRONE HENRY,

      Plaintiff,

    v.

PORTLAND DEVELOPMENT COMMISSION,
LORI SUNDSTROM, and BRUCE WARNER,

      Defendants.

No. CV 06-712-HU

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS & RECOMMENDATION

**MOSMAN, J.,**

    On October 18, 2006, Magistrate Judge Hubel issued Findings and Recommendation ("F&R") (#27) in the above-captioned case recommending that defendants' motion to dismiss plaintiff's §1981 and wrongful discharge claims (#6) be denied as to the § 1981 claim and granted as to the wrongful discharge claim. Magistrate Judge Hubel further recommended that plaintiff's motion to amend his complaint to add a Title VII claim (# 19) be denied. Objections have been filed.

    In conducting my review of the F&R, I apply the following standard. The magistrate judge makes only recommendations to the court, to which any party may file written objections.

PAGE 1 - ORDER

The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, the court is free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

After reviewing the F&R, the parties' objections and responses, and other relevant materials, the F&R is ADOPTED as to Magistrate Judge Hubel's recommendation that defendants' motion to dismiss be DENIED as to plaintiff's § 1981 claim and GRANTED as to plaintiff's wrongful discharge claim. Because defendants have withdrawn their opposition to plaintiff's motion to amend and because plaintiff has now met the required jurisdictional requirements, including a right-to-sue letter, that motion is GRANTED. Plaintiff is therefore GRANTED leave to amend his complaint to add a Title VII claim.

IT IS SO ORDERED.

DATED this  25th  day of January, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court